**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FIRST CITIZENS BANK AND TRUST COMPANY,

    Appellant,

v.

DEBRA LEA WILSON,

    Appellee.

No. 15-35526

D.C. No. 2:14-cv-01842-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted September 1, 2017
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and FOOTE,[**] District Judge.

First Citizens Bank and Trust Company appeals the district court's reversal of

the bankruptcy court's partial grant of summary judgment in its favor in its action to

deny debtor Debra Wilson ("Wilson") a discharge for failing to disclose two property

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

transfers on her bankruptcy petition. The district court held that Wilson had established a material issue of fact as to whether these transfers were "in the ordinary course of the business or financial affairs" of debtor's real estate investment business and thus not required to be disclosed. We affirm and remand with instructions to remand to the bankruptcy court for further proceedings.

Question 10 of the Statement of Financial Affairs instructs debtors to list all property "other than property transferred in the ordinary course of the business or financial affairs of the debtor" within two years preceding the commencement of the bankruptcy case. "Ordinary course of business" is not defined in the Bankruptcy Code, but we have adopted two tests for determining if a transaction is within the ordinary course. The "vertical dimension test" views the transaction from the vantage point of a hypothetical creditor and asks "whether the transaction subjects a creditor to economic risks of a nature different from those he accepted when he decided to extend credit." *In re Straightline Investments, Inc.,* 525 F.3d 870, 879 (9th Cir. 2008). The "horizontal dimension test" asks whether the transaction is "of a type that other similar businesses would engage in as ordinary business." *Id.* at 880-81.

We have further indicated that "ordinary" refers to the conduct of similarly situated businesses facing *the same or similar problems*. "If the terms in question are ordinary for industry participants under financial distress, then that is ordinary for the

industry." *In re Jan Weilert R.V., Inc.*, 315 F.3d 1192, 1197 (9th Cir. 2003). Additionally, we have also recognized that even a first-time transaction may be in the ordinary course: "Obviously every borrower who does something in the ordinary course of her affairs must, at some point, have done it for the first time." *In re Ahaza Systems, Inc.,* 482 F.3d 1118, 1125 (9th Cir. 2007).

Applying these precedents, and viewing the evidence in the light most favorable to the nonmoving party, as we must, we agree with the district court that Wilson has raised a genuine issue of material fact as to whether the disputed transactions were in the ordinary course of her real estate investment business. Even though Wilson did not receive cash in exchange for the properties at issue, she was able to unload heavily encumbered and underperforming properties, thereby actually improving her overall net worth. She also produced an expert opinion that in the real estate market that existed at that time, and in a time of financial distress (as Wilson's business was due to the failed Renton project), this was a sound business decision, as "increasing net worth and liquidity are goals experienced real estate investors pursue as an ordinary course of their business." Wilson's overall balance sheet improved, and thus the creditor was not exposed to economic risks of a nature different from those accepted when it decided to extend credit.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

3